"There will be a decree final to the interlocutory decree heretofore entered."

*Messrs. Lichtenstein, Schwartz & Friedenberg* and *Messrs. Platoff, Saperstein & Platoff,* for the appellants.

*Messrs. Leber & Ruback,* for the respondent.

PER CURIAM.

PARKER, J. (Concurring in result.)

My vote for affirmance of the decree dated November 7th, 1930, dismissing a bill filed February 14th, 1928, is predicated on the situation existing at the time of filing the bill,

and not on any situation that developed later. When the bill was filed, only four days had elapsed from the making of a sworn complaint, the arrest of the appellant thereunder, and his release on $15,000 bail. The facts as stated in the opinion of the vice-chancellor gave at least a colorable status to the complaint. In that state of affairs the appellant was under formal accusation of a serious crime, and the case had apparently started on its way to the grand jury with apparent probability of an indictment. I agree that at that time and under those circumstances the photographing and finger printing were legally justified as a means of identification in case of need: and that, on the case as presented by the bill, was all that the vice-chancellor was required to decide. I am not ready to agree that it was lawful to retain them under any and all conditions, and that issue was not presented by the bill.

After the bill was filed there was much delay in getting the case to a hearing. Vice-Chancellor Bentley, who had it in charge at the outset, died March 10th, 1930, and the hearing took place before Vice-Chancellor Bigelow sometime in that year. Meanwhile the grand jury had found no indictment, the two years statute of limitation (*Comp. Stat. p. 1870 § 152*) had run, and the status of appellant had become that of a presumably innocent man legally immune to indictment for any crime covered by the complaint. During this period the legislature had enacted a statute (*P. L. 1930 p. 279*) relating to identification of parties convicted, accused, and perhaps only suspected of crime by finger printing, photographs, &c. That statute has not been considered by this court as yet. These various matters which have occurred since the filing of the bill make it important, in my judgment, that we should confine our decision in this case to the narrow limits within which the court below could and should have restricted it, and not go outside of those limits until a proper case for that purpose is presented.

I am authorized by Mr. Justices Daly and Donges, and by Judge Kays, to say that they concur in the views above expressed.

*Mr. Anthony P. La Porta,* for the complainant-appellant.

*Mr. Horace L. Allen,* for the defendants-respondents.

The decree appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Vice-Chancellor Bigelow, and reported in *107 N. J. Eq. 141.*

