Complainant, in 1940, was arrested on a charge of assault and battery, taken to police headquarters in Newark, where he was fingerprinted, measured and photographed. The charge against him was promptly presented to the grand jury but no indictment was returned and the bill alleges that he was innocent. His identification papers remain in what is popularly known as the rogues' gallery and copies are on file in the offices of the prosecutor and of the sheriff of Essex County with similar records of criminals. Complainant feels *Page 10 
that this is a great disgrace, and fears that he may thereby be prejudiced in obtaining employment and may suffer financial loss. He prays that the public officers concerned be decreed to surrender the photographs, negatives, measurements and fingerprints. The defendants move to dismiss the bill.
A statute enacted in 1930 requires law enforcement officers immediately upon the arrest of any person for an indictable offense, to take his fingerprints and to forward copies of the same, together with photographs, to the State Bureau of Identification. Even before the statute, it was lawful for the police to fingerprint, photograph and measure a person under arrest. Bartletta v. McFeeley, 107 N.J. Eq. 141; 109 N.J. Eq. 241.
But neither the statute nor the cited decision deals with the retention of these records after the accused has been acquitted or when the lapse of time prevents prosecution.
The taking of the fingerprints in the first place and the whole process of arrest of a possibly innocent person are a humiliation to which he must submit for the benefit of society. To the same end, the police are justified in retaining such records, in certain cases, after an acquittal or a failure of the grand jury to indict. Sometimes a grand jury dismisses a charge because it seems trivial; sometimes the trial jury must acquit a guilty person because the evidence does not establish guilt beyond a reasonable doubt. In every large community are men who have never been convicted of an indictable offense but whose associations and manner of life are such that the police feel reasonably assured that such a one, unless he turn over a new leaf, will eventually be guilty of a serious crime. If he be lawfully arrested and fingerprinted, the police are justified in keeping the prints for possible use in the future, even though no indictment is found. On the other hand, when a man of good repute has a false charge made against him and is cleared of it, it seems to me that the police should destroy his fingerprints and photograph, or remove them from the rogues gallery. But in the absence of statute, discretion in the matter belongs to the police. Since they are responsible for our safety, it is *Page 11 
for them to decide whose identification papers will be apt to assist them in the performance of their duty. It is not for the court to make the decision. For these reasons, the bill will be dismissed. For cases from other jurisdictions, see83 A.L.R. 129 and 138 A.L.R. 89.