The complainants Jenkins et al., O'Brien et al., Anzer et al., had been indicted by Hudson County grand juries on charges of misdemeanor. They filed separate bills of complaint in this court wherein William J. McGovern, Sheriff of Hudson County, was named as sole defendant, seeking to restrain said sheriff from taking and disseminating their fingerprints and photographs pursuant toR.S. 53:1-15 et seq., in advance of their conviction on the charges for which they were indicted. In each case an order to show cause issued with ad interim restraint and on the return of those orders application was made on behalf of Walter D. Van Riper, Attorney-General and Acting Prosecutor of the Pleas for Hudson County, and Charles H. Schoeffel, Superintendent of State Police, to admit them as parties defendant in each cause. On a hearing on said application in the Jenkins case the application was denied (Jenkins v. McGovern, 136 *Page 343 N.J. Eq. 563), but on appeal the denial was reversed (VanRiper v. Jenkins, 140 N.J. Eq. 99) and subsequently orders were entered in each case admitting the Attorney-General and the Superintendent of State Police as parties defendant and an answer to the bill in each case was filed on behalf of those defendants.
The complainant McGovern was indicted for failure, as said sheriff, to comply with said statute and he filed his bill in this court against the Attorney-General and the Superintendent of State Police to enjoin them from taking his fingerprints or photographs and from forwarding them to the Superintendent of State Police or elsewhere unless and until he stands convicted on the indictment against him. An order to show cause with adinterim stay issued and on the return of that order it was determined by this court (McGovern v. Van Riper, 137 N.J. Eq. 24) that the taking of fingerprints, photographs and other measurements where the purpose to be served is to identify the accused as the person charged with the offense for which he is indicted, or to facilitate his recapture should he become a fugitive from justice, is proper and that the restraint against taking McGovern's fingerprints and photographs should be dissolved. It was also determined that so much of the statute as requires the premature dissemination of fingerprints and photographs is an unreasonable, unnecessary and improper attempt to exercise the reserved police powers of the state and contravenes article 1, paragraph 1 of our State Constitution and that the restraint against forwarding, disseminating or publishing the same in advance of conviction, unless McGovern should become a fugitive from justice, should be continued. On McGovern's appeal from the dissolution of the restraint against fingerprinting and photographing him the Court of Errors and Appeals (137 N.J. Eq. 548) found no merit in his argument that those acts in advance of conviction deprived him of rights protected by article 1, paragraphs 1 and 6 of the State Constitution and by the Fourteenth Amendment of the Federal Constitution. The defendants did not appeal from the restraint against disseminating or publishing fingerprints and photographs. *Page 344 
Pending the determination of the Court of Errors and Appeals in the McGovern Case, that case and the cases of the other complainants lay dormant and all of them have now been brought on for final hearing on the pleadings and proofs taken in open court, it being stipulated by counsel for all parties that the cases be heard together. More than two years have elapsed since the complainants were indicted and up to the final hearing herein none of them had been brought to trial because of certiorari
proceedings instituted on each indictment.
The statute P.L. 1930 p. 279 (now R.S. 53:1-15 et seq.) provides that sheriffs and other law enforcement agencies shall immediately upon the arrest of any person for an indictable offense take the fingerprints of such person and forward without delay two copies or more, together with photographs and other descriptions with a history of the offense allegedly committed, to the State Bureau of Identification (a department of the State Police); that the Bureau shall co-operate with the bureaus of other states and with the bureau in the Department of Justice of the United States and carry on an interstate, national and international system of identification within the requirements of the State Bureau of Identification.
The question now for determination is whether such dissemination as the statute authorizes of fingerprints and photographs lawfully taken is an unwarranted invasion of the right of privacy of an individual to be free from intrusion into his private life, which right the complainants claim is protected by article 1, paragraphs 1 and 6 of our State Constitution.
The proofs taken at the hearing show that had fingerprints and photographs been taken of the complainants immediately following their indictment, they would be forwarded to the State Bureau of Identification and there kept under lock and key and not subject to public view; that a copy of each fingerprint would be sent to the Federal Bureau of Investigation at Washington but not a copy of the photograph unless two copies thereof were received by the State Bureau; that the State Bureau classifies photographs by groups and inspection thereof is confined to and permitted only in the particular crime group and description of the person whom it is desired *Page 345 
to identify as a person connected with a crime and then only by one who is accompanied by a member of a police department; that the State Bureau complies with requests received from other police organizations within or without the state for copies of fingerprints only when such requests are accompanied by a satisfactory specific reason.
In McGovern v. Van Riper, 137 N.J. Eq. 24, the Vice-Chancellor held that the right of privacy having its origin in natural law, is immutable and absolute and transcends the power of any authority to change or abolish it, and that it is one of the "natural and inalienable rights" recognized in article 1, section 1 of the Constitution of this state, and he concluded that unless an accused becomes a fugitive from justice there exists no right to publish or disseminate his fingerprints, photograph and other data in advance of conviction and that any attempt to do so constitutes an unnecessary and unwarranted attack upon his character and reputation and violates his natural right of privacy, since it serves no useful or necessary public need.
It was said by Blackstone that "Every man when he enters into society, gives up part of his natural liberty as the price of so valuable a boon and obliges himself to conform to those laws which the community has thought proper to establish, otherwise there would be no security to individuals in any of the enjoyments of life." (Blackstone Commentaries (9th ed.)125-6); and our Court of Errors and Appeals has said, "Changing conditions necessarily impose a greater demand upon that reserve element of sovereignty called the police power, for such reasonable supervision and regulation as may be essential for the common welfare. Acceptance of restrictions upon the so-called natural rights of every individual, necessary to insure observance by the individual citizen of the duty to use his property and exercise his rights and privileges with due regard to the personal and property rights and privileges of others, is the first and most imperative obligation entering into what we call the social compact. Without it there can be no such thing as organized society or civilized government." Pine v. Okzewski,112 N.J. Law 429. And so the right of privacy has its limitations and such right is *Page 346 
not always superior to the rights of the public but must be construed in the light of the individual's relation to the community or society of which he is a member. For an examination of the extent of the individual's right of privacy, see 4Harvard Law Review 193 and 138 A.L.R. 22 et seq.
The intent of the statute in question is the protection of society generally by providing a method of aiding police authorities charged with the duty of preventing crime, in apprehending criminals and gathering evidence for presentation to the court when they are brought to trial, especially in the case of second offenders. In the case of Bartletta v. McFeeley,107 N.J. Eq. 141; affirmed, 109 N.J. Eq. 241, which arose prior to the adoption of the statute in question, Bartletta had been arrested and immediately fingerprinted and photographed and four days later he filed his bill to compel surrender to him of his fingerprints, photographs and measurements. The right of the police to fingerprint and photograph was upheld and it was said that whether a person should be fingerprinted and photographed is an administrative question to be determined by the police, and since the police frequently were unfamiliar with the record of their prisoner, one purpose of circulating his description among other police departments is to learn whether or not he is a first offender.
In the second case of Bartletta v. McFeeley, 113 N.J. Eq. 67,
affirmed on the opinion of this court and arising after the enactment of the present statute, Bartletta showed that no indictment had been found against him and that the statute of limitations had run. He sought to have the defendant police authorities remove his photographs, fingerprints and measurements from the local "rogues' gallery" and that the defendants also cause copies thereof to be removed from the "rogues' gallery" of other cities. The police brought into court and surrendered his photograph and fingerprints to him and as to fingerprints and photographs which had been sent to police authorities in New York City and Albany and to the United States Bureau of Investigation, the court said it was without authority to so compel the defendants and furthermore, that the defendants had not been guilty of any impropriety in so forwarding the same. *Page 347 
In the case of Fernicola v. Keenan, 136 N.J. Eq. 9, also arising since the enactment of the present statute, Fernicola had been arrested, fingerprinted, measured and photographed. The charge against him had been presented to the grand jury and no indictment was found, whereupon he sought to compel the police to surrender his photograph, fingerprints and measurements. This court declined to grant him the relief sought saying that the taking of fingerprints is a humiliation to which a possibly innocent person must submit for the benefit of society and that if he be lawfully arrested and fingerprinted the police are justified in keeping the prints for possible future use even though no indictment be found; that in the case of one who had been cleared of a false charge, the discretion as to whether the police should destroy his fingerprints and photographs rested with the police and not with the court.
I think the two Bartletta Cases and the Fernicola Case, when read in connection with McGovern v. Van Riper, 137 N.J. Eq. 548,
lead to the conclusion that the statute in question is within the proper exercise of the police powers of the state for the purpose of facilitating crime detection and punishment in the interest of society generally and that one who has been indicted must submit to such slight invasion of his claimed right of privacy as may accompany the performance of the police duty required by the statute. It must be borne in mind that the general object of protecting the right of privacy is the protection of the privacy of a private life and when that life ceases to be private by reason of indictment and becomes a matter of public interest, such steps as the legislature designates shall be taken by public officials in the interest of the public for the purpose of the due administration of the criminal laws of the state, cannot be said to be an unwarranted infringement of complainants' right of privacy, and accordingly I shall dismiss the bills of complaint.
I am authorized to state that the Chancellor concurs in the conclusions herein reached. *Page 348