IN THE MATTER OF THE APPLICATION OF LARS OBERG, A MINOR, BY HIS GUARDIAN *AD LITEM*, JOHN P. OBERG, FOR THE RETURN OF FINGERPRINTS, PLAINTIFF, v. THE DEPARTMENT OF LAW AND PUBLIC SAFETY OF THE STATE OF NEW JERSEY, PAUL UNDERHILL, WARDEN OF THE MORRIS COUNTY JAIL, AND POLICE DEPARTMENT OF THE TOWNSHIP OF DENVILLE, NEW JERSEY, DEFENDANTS.

Juvenile and Domestic Relations Court
Morris County

Decided August 13, 1956.

*Mr. Edward F. Broderick* (*Mr. Robert P. Hanley,* appearing), attorney for plaintiff.

*Mr. Frank C. Scerbo,* Morris County Prosecutor, attorney for defendants.

BARRETT, J. C. C.   The plaintiff, 14 years of age, was arrested August 30, 1953, charged with murder and his fingerprints were taken.   He was indicted by the Morris County grand jury, which indictment was dismissed November 20, 1953 and the matter was referred to the Juvenile and Domestic Relations Court.

The plaintiff contends that it was improper for his fingerprints to be taken and now seeks an order from this court requiring the fingerprints to be turned over to this court so that they may be destroyed.

The defendants contend that this court does not have jurisdiction to order the fingerprints to be turned over to it to be destroyed, and alleges that jurisdiction is vested in the Superior Court, Chancery Division.   Further, that under *R. S.* 53:1–15 the defendants were required to take the fingerprints of the plaintiff.   This is not so.   This statute provides for fingerprints to be taken upon the arrest of a person charged with an indictable offense.   Since this plaintiff, because of his age, could not be charged with an indictable offense, there was no right, much less a duty, to take his fingerprints.

The real question here is how to have the injury done to the plaintiff rectified and the fingerprints destroyed.

The prosecutor, speaking for the defendants, states that there is no specific statute controlling the situation.   While the Juvenile and Domestic Relations Court Act does not state specifically that the court has the necessary jurisdiction to require the cancellation of fingerprints, I am satisfied it

does have the power and authority. There should be nothing in the court act relative to destroying fingerprints of juveniles as there is no provision for the taking of fingerprints in the first place, except *N. J. S.* 2*A*:4–21 which provides that a person 17 years of age may be fingerprinted if charged with an offense that would be indictable, and if not found guilty, or if the charge is dismissed, then the fingerprints should be delivered to the Juvenile and Domestic Relations Court.

*N. J. S.* 2*A*:4–14 defines juvenile delinquency as the commission by a child under 18 of a felony or misdemeanor.

*N. J. S.* 2*A*:85–4 states that a person under 16 years is deemed incapable of committing a crime.

*N. J. S.* 2*A*:4–14 provides that the Juvenile and Domestic Relations Court has exclusive jurisdiction of all cases of juvenile delinquency.

*N. J. S.* 2*A*:4–1 states that the Juvenile and Domestic Relations Court law shall be liberally construed. *N. J. S.* 2*A*:4–2 provides that it is a principle of the law of this State that children under the jurisdiction of said court are wards of the State and entitled to the protection of the State, which may intervene to safeguard them from neglect or injury and to enforce legal obligations due to them.

█ I am satisfied that the fingerprints of the plaintiff should be returned to this court and destroyed.

An order may be presented in accordance with this opinion.