Irving H. Saypol, J.
The defendants’ motion before answer for a judgment dismissing the amended complaint on the ground that the court has not jurisdiction of the subject matter, etc. (CPLR, 3211, subd. [a], par. 2) and on the ground that the complaint fails to state a cause of action (CPLR 3211, subd. [a], par. 7), is granted.
In their complaint, in the first cause of action, the plaintiffs describe themselves as students at various colleges in the City of New York who were arrested by New York City police officers on April 22, 1964, at the Schaefer’s Brewery Exhibit at the World’s Fair and charged in complaints in the Criminal Court of the City of New York with violation of section 2036 of the Penal Law, misdemeanor, trespassing on private property, section 722 of the Penal Law, the offense of disorderly conduct, and misdemeanor for resisting arrest, section 1851 of the Penal Law, in that, being arrested on the preceding charges, they slumped to the floor of the Exhibit and refused to submit voluntarily to the arrest. On June 17, 1964 all the charges were dropped upon exchange of releases by the defendants there who are some of the plaintiffs here. A motion to expunge all entries of the arrests and the charges was denied by that court.
Paragraphs 15, 16 and 17 of the complaint allege that the arrests were illegal; unless the records of the arrests and the complaints are expunged and obliterated from the files, etc., of the defendants (the Criminal Court and the Police Department) and an order made declaring their nullity the plaintiffs by the permanency of these records will suffer unjustly for the rest of their lives.
The second cause of action pleads that the plaintiffs’ involvement on April 22, 1964 arose from their engagement in peaceful picketing to call attention of the public to discriminatory employment practices of the exhibitor; they say their conduct was without intent to provoke any breach of peace, nor did such picketing constitute any crime; therefore permanent maintenance of records of the illegal arrests and complaints contravenes the public *296 policy expressed in sections AA51-1.0 and AA51-2.0 of the Administrative Code of the City of New York.
The third cause of action for plaintiff .Statman is directed against the Civil Service Commission of the State of New York. Incident to prospective employment in the competitive civil service, he answered “ yes ” in his application to the question 17a, “ Were you ever arrested for any violation of law? ”, and to the question 17b, “ Have you ever been a defendant in a criminal proceeding? ” To the foregoing, and to other prospective civil service employment, he anticipates future prejudice and harm by the maintenance permanently of the records of his arrest.
Plaintiffs then demand judgment:
1. Declaring “ that the arrests of the plaintiffs on April 22, 1964, were unlawful and are null and void; that plaintiffs have the status of, and are now and hereafter to be deemed, persons who have never been arrested; * * *
2. [Directing] defendants to remove from the files and records maintained or controlled by them, all records and documents which evidence, indicate or describe the plaintiffs’ arrest * * *
3. [Directing] defendants Mary Goode Krone and Alexander A. Falk [individually and as President and members of the State Civil Service Commission] to list plaintiff Statman as eligible and qualified for whatever job or position he would be entitled [to] without regard to his arrest on April 22, 1964 ”.
It is quite apparent that plaintiffs’ first two causes of action are alternatives to conventional recognized remedies. In the ultimate goal which plaintiffs seek, of wiping clean their records, they would try out here the criminal charges rather than in the primary forum, the Criminal Court of the City of New York, and that would mean indirect and collateral attack on the jurisdiction (Matter of Kenler v. Murtagh, 12 A D 2d 662). And, in the same indirect way they would try out here in equity without joinder of the alleged culprits, who would have the right to a jury, the torts of their alleged false imprisonment and prima facie tort, in turn based on their alleged illegal arrests.
In that setting, the court might well decline any declaration, at least as to the first two causes of action. The remedy of a declaratory judgment lies within the court’s discretion, to grant or withhold, depending on the facts presented (Red Robin Stores v. Rose, 274 App. Div. 462, 467). “ On a motion to dismiss in an action for a declaratory judgment the issue is whether the plaintiff presents a proper case for a declaration of rights and legal relations of the parties irrespective of whether the ultimate *297 declaration will be in accord with plaintiff’s request or otherwise (Rockland Light & Power Co. v. City of New York, 289 N. Y. 45, 51).”
For the purposes of the motion, the court accepts the truth of the allegations of the complaint, viz., the plaintiffs were arrested and falsely imprisoned. Nevertheless, controlling precedential authority and logic command rejection of the plaintiffs’ theory that equity should embark on relitigation of issues for which there was an available forum — the Criminal Court — to vindicate the illegality of the arrests and the law side of the court for the incidental torts. As has been said as to the latter it would proceed here without the necessary parties defendant. To allow the precedent would constitute a gross disregard of orderly procedures in legally constituted forums by duly provided methods. The commands of a government of laws require that this court confine its acts within the scope of judicial power recognizing the co-equal powers of the other branches of the government (see Matter of Molineux v. Collins, 177 N. Y. 395, 398; People v. Mills, 178 N. Y. 274, 286; Matter of Peabody v. Gulotta [Francke], 4 A D 2d 962, mot. for lv. to app. den. 4 N Y 2d 673, rearg. den. 4 N Y 2d 675, cert. den. 357 U. S. 941, rehrg. den. 358 U. S. 859; Matter of Brandon, 131 N. Y. S. 2d 204, 206). Belief as sought here was denied where the defendant had been acquitted after trial (Molineux, supra), and where the defendant after conviction had a reversal but was never retried (Peabody, supra).
In Peabody (supra) the Appellate Division stated: “ [t]he return was filed in accordance with the mandate of the statute * * * No right to have it expunged exists unless such right is conferred by statute ”. It is immaterial that no statute does not prohibit obliteration of official records; orderly government requires that official records shall be maintained unless the law provides otherwise. In this State, that is recognized (see Family Ct. Act, § 784, maintenance of police records and their availability; Penal Law, § 516, and Code Grim. Pro., § 944, providing for the return of fingerprints, etc.). Sister States have adopted legislation providing relief comparable to that sought here. (Conn. Gen. Stats., § 54-90, permitting a court to order erased court records, etc. on petition after three years from dismissal, etc.; Delaware Code, tit. 11, Crimes and Criminal Procedure, § 4321 [repealed by 54 Delaware Laws, ch. 349, § 7, eff. July 8, 1964], providing that in certain circumstances the plea or verdict of guilty shall be stricken after discharge from probation ; California Penal Code, § 1203.45, added by Stats. 1961, ch. 2054, authorizing similar relief to a defendant under 21, after discharge from probation under certain circumstances.) At the *298 last session of our Legislature there were several hills introduced to afford relief in this area, which failed to become law. (Assembly Int. 1140, Pr. 1140, Mr. Sutton, to amend the Civil Rights Law, in relation to declaring certain actions, including arrests and convictions, no disqualification; Assembly Int. 1578, Pr. 1578, Mr. Rodriguez, to amend the Penal Law, making it a criminal offense for an employer to ask about an arrest as a condition of employment. Notably, this bill expressly excepts a governmental agency; and is the only bill including a provision requiring the expunging of records as a matter of amnesty for first offenders, Senate Pr. 1842, Int. 1814, Mr. Bloom; Assembly Pr. 233, Int. 233, Mr. Goldstein [Report of Approval, State Legislation Committee, Bronx County Bar Assn., March 18, 1965; Mr. Lynch reported in Vol. 12, No. 6, pp. 149-152, June, 1965, The Advocate, Bronx County Bar Assn.].)
Arrogation of the authority of the lawmaking prerogatives by the court would serve only to compound rather than to correct in individual instances. As afterthought, compounding complications, what would be the effect on the plaintiffs, assuming they were allowed to go to trial, if they should not be vindicated, if their arrests, etc. were not held illegal? On which record should they then stand, discharge in the Criminal Court or repudiation of innocence here?
The third cause of action must fall on the acknowledged fact that the plaintiff Statman to whom it applies has been offered appointment by the defendant Civil Service Commission.