**Irvin Corbitt WALKER, Jr., Plaintiff,**

**v.**

**Colonel Charles LAMB, Superintendent of State Police, State Highway Department, State of Delaware, Defendant.**

Court of Chancery of Delaware.

New Castle.

May 28, 1969.

Stephen B. Potter, of Sullivan, Potter & Roeberg, Wilmington, for plaintiff.

Fletcher E. Campbell, Jr., Deputy Atty. Gen., for defendant.

MARVEL, Vice Chancellor.

Defendant, who is Superintendent of the Delaware State Police, has moved to dismiss plaintiff's complaint against him and the named government agencies which oversee his official duties of supervising the activities of the Delaware State Police. Such complaint charges that plaintiff was arrested on warrants issued without probable cause on two charges of assault to kill two named State troopers and on one charge of grand larceny. Such charges were later dropped. This action seeks a mandatory injunctive order directing defendant to procure for plaintiff from the files of the Federal Bureau of Investigation the original and all copies of plaintiff's fingerprints as well as the return of photographs of plaintiff taken while he was in custody after arrest. Plaintiff also seeks an order directing the production and destruction of such copies of his fingerprints and photographs as now may be in the files of the Delaware State Police or the Delaware Bureau of Investigation. Plaintiff argues that rights personal to him have been violated and that to protect him from harassment as a result of the existence of copies of his fingerprints and photographs now in the hands of law-enforcement authorities his prayers must be granted.

Defendant, as noted above, has filed a motion to dismiss, first for want of jurisdiction, and, alternatively, on the ground that the complaint fails to state a claim upon which relief can be granted.

Title 11 Del.C. § 8503 requires the State Police and other law enforcement agencies to transmit fingerprints of " * * persons arrested ,for, or suspected of * * * ", inter alia, "An indictable offense," to the State Bureau of Identification. Title 11 Del.C. § 8506 requires the same action from prison wardens together with such persons' photographs. In addition, Title 11 Del.C. § 8509 forbids the destruction of any identifying information received by the State Bureau of Identification for ten years after a subject has died. In other words, in fingerprinting the plaintiff here, the State Police clearly acted in conformity with the terms of statutory authority. Photographing cannot be distinguished.

Although plaintiff has not expressly attacked the constitutionability of such statutes, he contends that the retention of his photographs and fingerprints constitutes an invasion of his right of privacy. However, it is clear that the retention of identification records by police authorities has historically been viewed as the public interest in that such records tend to promote the safety and welfare of the community as a whole, it being reasoned that any humiliation to an individual so finger-printed and photographed, though ultimately found not guilty of the offense charged, is outweighed by the benefit gained by the public's possession of information concerning persons who may again be charged with some activity which requires the making of records. In other words, this is a field in which the police have broad discretionary powers which will not be disturbed by the courts save under some exceptional circumstance. See Annotations in 138 A.L.R. 89, 168 A.L.R. 461, and 14 A.L.R.2d 770. See also Fernicola v. Keenan, 136 N.J.Eq. 9, 39 A.2d 851.

No Delaware Chancery precedent authorizing the seeking of the sort of relief here prayed for by plaintiff is cited, and it is argued that plaintiff has an adequate

remedy at law by way of mandamus or the like. But see Fernicola v. Keenan, supra, a case decided at a time when the State of New Jersey maintained a separate Court of Chancery. On the basis of such ruling and the fact that the relief here sought transcends that of requiring the performance of a mere ministerial duty, I decline to dismiss this action for want of jurisdiction, although special cases may arise where a criminal trial judge can act effectively in a situation in which, because no indictable offense is involved, summary relief is appropriate, Oberg v. Department of Law and Public Safety, 41 N.J.Super. 256, 124 A.2d 618.

Next, it is clearly established that no rights of plaintiff whether concerned with self-incrimination, privacy or otherwise have been violated, inasmuch as the taking of a photograph or the making of a fingerprint merely create images of a suspect's physical characteristics. Gilbert v. United States, 9 Cir., 366 F.2d 923, cert. denied 388 U.S. 922, 87 S.Ct. 2123, 18 L.Ed. 2d 1370. See State ex rel. Mavity v. Tyndall, 224 Ind. 364, 66 N.E.2d 755, 225 Ind. 360, 74 N.E.2d 914, appeal dismissed, 333 U.S. 834, 68 S.Ct. 609, 92 L.Ed. 1118, rehearing denied, 333 U.S. 858, 68 S.Ct. 732, 92 L.Ed. 1138, and State v. King, 44 N.J. 346, 209 A.2d 110, 9 A.L.R.3d 847.

In conclusion, I find on the basis of the foregoing that while plaintiff claims that the retention of his fingerprints and photographs by the authorities is a source of embarrassment and humiliation and will likely result in pecuniary loss, that he has failed to state a claim upon which relief can be granted in this Court. If an actionable tort has been committed, plaintiff has his remedy at law for damages, 32 Am.Jur.2d, False Imprisonment, p. 74 et seq.

Order on notice.