520 P.2d 310

**Honorable Coy B. BEASLEY, Justice of the Peace of Chandler Precinct; Moise Berger, Maricopa County Attorney; and Paul Blubaum, Maricopa County Sheriff, Petitioners,**

**v.**

**Honorable Jerry H. GLENN, Judge of the Superior Court of Maricopa County, Arizona; and John Harold LLOYD, Real Party in Interest, Respondents.**

**No. 11394.**

Supreme Court of Arizona,
In Banc.

March 20, 1974.

Moise Berger, Maricopa County Atty. by James C. Martin, Deputy County Atty., Phoenix, for petitioners.

Willis & Riggs by John V. Riggs, Scottsdale, for respondents.

STRUCKMEYER, Justice.

This special action was brought to test a judgment rendered by The Honorable Jerry H. Glenn, Judge of the Superior Court

of Maricopa County, Arizona, directing petitioners to expunge all records from the files of their public offices concerning that certain criminal action in which John Harold Lloyd was charged with aggravated assault. The judgment of the Superior Court of October 26, 1973 ordering petitioners to expunge all records concerning John Harold Lloyd is vacated.

The stipulated facts establish that on the twelfth day of April 1972, Respondent John Harold Lloyd was charged with committing an aggravated battery on Bridget Gersten, a violation of A.R.S. §§ 13–241 and 13–245(A)(3). The charge was filed by Elinor Gersten Lloyd, his wife, and the battery was on the person of her child by a former marriage. On June 8, 1972, Elinor Gersten requested the County Attorney of Maricopa County to dismiss the criminal complaint and signed an approval thereto; and on the same day, The Honorable Coy B. Beasley, Justice of the Peace, entered an order of dismissal.

On August 7, 1973, respondent, as petitioner in the Superior Court, brought a special action wherein he entitled himself John Doe and requested that all those records concerning the criminal charge and his arrest, including those in the office of Moise Berger, County Attorney, be expunged or, in the alternative, turned over to and delivered to him. On October 26, 1973, The Honorable Jerry H. Glenn, Maricopa County Superior Court Judge, granted the relief requested.

This Court accepted jurisdiction of a special action in the nature of certiorari to review the question of the jurisdiction of the Superior Court to direct the destruction of public records held in the offices of duly acting public officials. The single question is whether the respondent judge had the jurisdiction to order the destruction of public records of the Justice Court of Chandler Precinct and those in the office of Sheriff and County Attorney of Maricopa County.

In a number of recent cases courts have ordered an arrest record expunged or re-turned because either the harm to the individual's right of privacy outweighed the public interest in retaining the records or the court considered it an appropriate remedy in the wake of police action in violation of constitutional rights See, e. g., Sullivan v. Murphy (1973), 156 U.S.App. D.C. 28, 478 F.2d 938; Davidson v. Dill, Colo., 503 P.2d 157 (1972); Eddy v. Moore, 5 Wash.App. 334, 487 P.2d 211 (1971).

The concern of the courts has been in response to the computerization of charges and arrest records, an event which has greatly increased the power of industry and the government to collect data so that, as a result, the individual suffers a loss of privacy as a natural by-product of our modern technology. The cases also reflect the awareness that economic and personal harm results to an individual if even a baseless arrest becomes known to his employers, credit agencies, banks, or even his neighbors, notwithstanding the absence of a conviction.

■ We note that the Superior Court has ordered the petitioners to commit what by statute is a criminal offense. A.R.S. § 38–421 provides, without exception, that public officers having custody of records, maps or books, or of any papers or proceedings of any court, filed or deposited in any public office, or placed in their hands for any purpose, who destroy or remove the whole or any part thereof or permit any other person to do so are guilty of a felony and shall be punished by imprisonment in the state prison for not less than one nor more than fourteen years. The least that can be said is that this statute makes it abundantly clear that the public policy of this State as established by the Legislature is to preserve as a memorial matters customarily retained in public offices for future enlightenment of those necessarily concerned therewith.

■ Historically, the retention by public officials of such records as photographs and fingerprints has been viewed as in the public interest because they tend to

promote the safety and welfare of the community as a whole. The individual's interest is outweighed by the public's interest in the possession of information concerning persons who may again be charged with some activity which requires the making of records. Public records, since they are required to be kept by law, can only be destroyed pursuant to law, and, hence, the destruction of public records is a matter to be regulated by statute. Herschel v. Dyra (7th Cir., 1966), 365 F.2d 17, cert. den., Herschel v. Wilson, 385 U.S. 973, 87 S.Ct. 513, 17 L.Ed.2d 436 (1966); Spock v. District of Columbia, 283 A.2d 14 (D.C.Ct. App., 1971); Sterling v. City of Oakland, 208 Cal.App.2d 1, 24 Cal.Rptr. 696 (1962); Walker v. Lamb (Del.Ch.), 254 A.2d 265 (1969), aff'd, (Del.Supr.), 259 A.2d 663 (1969); Mulkey v. Purdy (Fla.), 234 So.2d 108 (1970); Kolb v. O'Connor, 14 Ill.App. 2d 81, 142 N.E.2d 818 (1957); Statman v. Kelly, 47 Misc.2d 294, 262 N.Y.S.2d 799 (1965) aff'd, 24 A.D.2d 936, 264 N.Y. S.2d 1008 (1965); Weisberg v. Police Department of Lynbrook et al., 46 Misc.2d 846, 260 N.Y.S.2d 554 (1965). And *see*, Anno., Right of Exonerated Arrestee to Have Fingerprints, Photographs, or Other Criminal Identification or Arrest Records Expunged or Restricted, 46 A.L.R.3d 900.

In 1973, by Added Laws effective August 8th, A.R.S. § 13-1761, Arizona enacted legislation which provided the disposition to be made of records where a person has been wrongfully arrested. It reads:

"A. Any person who is wrongfully arrested, indicted or otherwise charged for any crime may upon obtaining a written statement from the prosecuting attorney that such person will not be prosecuted in connection with such crime, petition the superior court for entry upon all court records, police records and any other records of any other agency relating to such arrest or indictment a notation that the person has been cleared.

B. After a hearing on the petition, if the judge believes that justice will be served by such entry, the judge shall issue the order requiring the entry that the person has been cleared on such records, with accompanying justification therefor, and shall cause a copy of such order to be delivered to all law enforcement agencies and courts. The order shall further require that all law enforcement agencies and courts shall not release copies of such records to any person except upon order of the court."

It is to be noticed that the statute does not provide for expunging the record of the charge or the arrest. It only permits a notation to be entered where a person has been cleared after a wrongful arrest and this can only be done upon the written statement of the prosecuting attorney that he does not intend to prosecute. The prosecuting attorney of Maricopa County, Moise Berger, a petitioner herein, has not provided a written statement that Lloyd would not be prosecuted. Consequently, we can only conclude that the Superior Court had no jurisdiction to make any order whatsoever concerning the records in the offices of the Justice of the Peace, the County Attorney and Sheriff which would cause their destruction or delivery into the hands of Lloyd.

One further matter requires comment. In the special action in the Superior Court and the action in this Court, John Harold Lloyd was designated as John Doe. We know of no statute or rule of court which permits the bringing of an action in a fictitious name unless prior permission of the court has been obtained. We have, therefore, referred to respondent real party by his true name.

The judgment of the Superior Court, dated October 26, 1973, ordering petitioners to expunge all records concerning the criminal complaint against John Harold Lloyd is ordered vacated.

HAYS, C. J., CAMERON, V. C. J., and LOCKWOOD, and HOLOHAN, JJ., concur.