James Carter MARTIN, Appellant,

v.

STATE of Tennessee, Appellee.

Supreme Court of Tennessee.

March 3, 1975.

————◆————

Haywood C. Barry, Lebanon, for appellant.

Michael E. Terry, Asst. Atty. Gen. (R. A. Ashley, Jr., Atty. Gen., Nashville, of counsel), for appellee.

## OPINION

FONES, Chief Justice.

James Carter Martin filed a petition seeking the destruction of all records in the General Sessions Court and the Criminal Court for Wilson County, wherein he was charged, tried and acquitted of a violation of T.C.A. § 59–517.

The petition was brought pursuant to the provisions of Chapter 318, Public Acts of 1973, codified as T.C.A. §§ 40–4001—40–4004. The effective date of said Act was July 1, 1973. Appellant was acquitted in 1971 but Section 3 of the Act extends its benefits retrospectively, upon application of a person charged with a misdemeanor or felony that has been finally disposed of in one of the methods enumerated in section 1 of the Act.

No written response to the petition was filed by the State. When the petition came on for a hearing in the trial court, the District Attorney, ore tenus, made the contention that the Act was unconstitutional because (1) it was in direct conflict with the statutory duties of clerks, and (2) that, in the event it became appropriate to plead former jeopardy, that right of defendant would be denied or imperiled.

The trial court held that the Act was unconstitutional without specifying its constitutional infirmity, but impliedly for the reason that it violated Article 2, Section 17 of the Constitution of Tennessee.

A direct appeal under § 16–408 was perfected to this Court, and we have heard oral argument.

The brief filed on behalf of the State by the Office of the Attorney General of Tennessee defends the constitutionality of the Act. Advance notice of intention to take that position was given to the District Attorney General of Wilson County, and the opportunity to participate in this Court, asserting a different position, was offered. No brief was filed nor oral argument made here, defending the action of the trial court in holding the Act unconstitutional.

The Act reads as follows:

*"Chapter No. 318*

*Senate Bill No. 178*

*An Act* to remove and to destroy all public records of any person who shall have been charged with a misdemeanor or a felony where such charge has been dismissed, or a no true bill returned by a grand jury, or a verdict of not guilty returned by a jury, or a conviction which by appeal has been reversed; to provide for the persons responsible for the removal and destruction of such records; and to provide for a penalty.

*Be It Enacted By The General Assembly Of The State Of Tennessee:*

*Section 1.* All public records of a person who has been charged with a misdemeanor or a felony, and which charge has been dismissed, or a no true bill returned by a grand jury, or a verdict of not guilty returned by a jury, or a conviction which has by appeal been re-

versed, shall, upon petition by said person to the court having jurisdiction in such previous action and his payment of all necessary costs, be removed and destroyed by the municipal.

*Section 2.* The chief administrative official of the municipal, county, or state agency and the clerk of the court where such records are recorded shall remove and destroy such records within a period of sixty (60) days from the date of final disposition of such charge.

*Section 3.* The provisions of this Act shall apply to those persons charged with a misdemeanor or a felony prior to the effective date of this act if such person shall petition to the court having jurisdiction in such previous action as provided in section 1.

*Section 4.* Any person who shall violate the provisions of this Act shall be guilty of a misdemeanor and shall be fined not less than Five Hundred Dollars ($500.00) and not more than One Thousand Dollars ($1,000.00) and imprisoned in the county jail or work house not less than thirty (30) days and not more than eleven (11) months and twenty-nine (29) days."

Article 2, Section 17 of the Constitution of Tennessee provides, inter alia, that all Acts which repeal, revive or amend former laws, shall recite in their caption, or otherwise, the title or substance of the law repealed, revived or amended.

The clerk's duty to remove and destroy, prescribed in the subject Act, was apparently thought by the trial court to directly conflict with duties of clerks enumerated in T.C.A. §§ 18–105 and 18–402, and said Act admittedly contains no recitation in its caption or body of the title or substance of said statutes.

Said statutes, insofar as relevant here, require clerks to docket all cases, record the action taken therein, and to keep minutes of the proceedings in court and to keep all papers, books, dockets and records with care and security, said statutes do not expressly deal with the length of time the clerk is required to keep these records.

The Act requires clerks to remove and destroy a specific category of records that, by implication arising from T.C.A. §§ 18–105 and 18–402, were to be kept, permanently.

It is obvious that clerks must continue to keep records in all cases, in accord with the statutory duties existing at the time of the 1973 Act. Upon a disposition favorable to defendant, as enumerated in section 1 of the Act, an entirely new duty arises to remove and destroy the public records.

Although it is correct to say that the subject Act amends, by implication, a portion of existing statutory law prescribing the duties of clerks, there is no violation of Article 2, Section 17 of the Constitution of Tennessee.

The principle that controls the constitutional issue presented here is clearly elucidated in Brown et al. v. Knox County et al., 187 Tenn. 8, 212 S.W.2d 673 (1948), Justice Gailor writing for the Court, as follows:

"[1] We think the Chancellor's conclusion is well supported by our cases, and that where, as here, there is a repeal or amendment by implication, there is no violation of section 17, Art. II, although no reference is made in the caption or body of the Act to Acts repealed or amended. The former Acts are affected only so far as they may be irreconcilable or inconsistent with the Act under review. Since there is no expression in the Act under review that it was a repealing or amendatory Act, it is clear that if former laws are repealed or amended by it, this is effected by necessary implication. Many of our cases have dealt with the question of the application of Art. II, sec. 17 of the Constitution, to repeals by implication and these

cases all stem from the classic opinion by Judge Cooper in Home Ins. Co. v. Taxing District, 72 Tenn. 644. In that decision, which has since been followed and cited, he said:

'If this construction be inadmissible, the second Act is incompatible with the first, and does repeal it by necessary implication. The question in this view is squarely raised, whether implied repeals are within the purview of the constitutional provision (Art. II, sec. 17). . . .

That the constitutional provision under consideration does not apply to repeals by implication seems to be sustained by reason, as it certainly is by authority. 72 Tenn. pages 647 and 652.

When, under an appropriate caption, an Act of the Legislature on its face plainly discloses its whole effect and where it is independently operative, neither legislators nor the people would be further enlightened as to its scope by a recital of the title or substance of former laws. If there is irreconcilable conflict, the former laws are repealed by implication. If there is no such conflict and the earlier and later laws involve the same subject matter, they will be be construed in pari materia.' "

We find no merit in the assertion that the subject Act would prevent a defendant from relying upon a plea of former jeopardy. Only the public records in the clerk's office are affected by the Act. As suggested in the State's brief, there is nothing to prevent a person from obtaining a duly certified copy of the document reflicting the favorable disposition of the charge against him prior to the removal or destruction of the public records. But regardless of any hazard surrounding the plea of former jeopardy, no authority exists for declaring the Act unconstitutional for the reason suggested.

The decree of the Criminal Court of Wilson County, declaring Chapter 318 of the Public Acts of 1973 unconstitutional is reversed and this cause remanded for further proceedings consistent with this opinion.

COOPER, HENRY, BROCK and HARBISON, JJ., concur.