**Paul Edward UNDERWOOD,
alias, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Supreme Court of Tennessee.

Oct. 20, 1975.

**46**

Robert H. Watson, Jr., Geoffrey D. Kressin, Knoxville, for appellant.

Ronald A. Webster, Dist. Atty. Gen., Knoxville, Michael E. Terry, Asst. Atty. Gen., Nashville, Ralph E. Harwell, Asst. Dist. Atty., Knoxville (R. A. Ashley, Jr., Atty. Gen., Nashville, of counsel), for appellee.

## OPINION

BROCK, Justice.

The appellant was charged, tried and found not guilty of a criminal offense in the trial court. Thereafter, appellant filed the instant proceeding to have expunged the records made in connection with said criminal case as provided by the expungement statute, T.C.A. §§ 40–4001—40–4004. The statute authorizes one who has successfully defended a criminal charge to have all public records of the case expunged upon his filing a petition therefor. In addition to basing his right to relief upon the expungement statute above-mentioned, the appellant, also, in the alternative, asserted that his "right of privacy" under the Constitution of the United States entitled him to have said records expunged. The State, through the District Attorney General, filed a motion to dismiss the appellant's petition on grounds that T.C.A. § 40–4001 et seq. is in violation of the Tennessee Constitution and, therefore, void and that the Constitution of the United States does not guarantee to the appellant any right to have the records in question expunged.

The trial court granted the State's motion to dismiss the appellant's petition, holding that T.C.A. § 40–4001 et seq. "emasculate and repeal, and/or amend a large body of our code, all without any recitation in the caption of the act that such is being done" in violation of the provisions of Article II, § 17, of the Constitution of Tennessee which provide that "all acts which repeal, revive or amend former laws, shall recite in their caption, or otherwise, the title or substance of the law repealed, revived or amended." Further, the trial court held that said expungement statute violates the separation of powers provisions of Article II, § 1 and § 2, of the Constitution of Tennessee and that said expungement statute was void because "vague, ambiguous, and overbroad." The trial court also held that the appellant was not entitled to the relief sought by virtue of any "right of privacy" guaranteed by the United States Constitution.

Since we hold that T.C.A. §§ 40–4001—40–4004 are constitutional and valid and entitle the appellant to the relief sought, we do not reach the merits of the appellant's contention that he is entitled to such relief by virtue of a "right of privacy" under the Constitution of the United States.

The appellant assigns error to the actions of the trial court in the premises and the State, acting through the Attorney General of Tennessee, has taken the position in its brief and in oral argument that T.C.A. §§ 40–4001 et seq. are, indeed, constitutional enactments and that the judgment of the trial court in this respect should be reversed.

This Court speaking through Chief Justice Fones, in *Martin v. State*, 519 S.W.2d 793 (Tenn.1975) has already determined that the expungement statute here attacked does not violate Article II, § 17, of the Constitution of Tennessee. We adhere

to the decision in *Martin* and, therefore, sustain appellant's assignment of error to the effect that T.C.A. § 40–4001 et seq. does not violate Article II, § 17, of the Constitution of Tennessee and that the trial court erred in holding to the contrary.

■■ We are equally convinced that the expungement statute does not violate the separation of powers provisions of Article II, §§ 1 and 2, of the Tennessee Constitution. Of course, the doctrine of separation of the powers, as set out in Article II, §§ 1 and 2, of the Constitution of Tennessee, is a fundamental principle of American constitutional government. Nevertheless, it has long been recognized that it is impossible to preserve perfectly the theoretical lines of demarcation between the executive, legislative and judicial branches of government. *Bank of Commerce and Trust Company v. Senter,* 149 Tenn. 569, 260 S.W. 144, 151 (1924); *Richardson v. Young,* 122 Tenn. 471, 493, 494, 125 S.W. 664 (1910). There is necessarily a certain amount of overlapping. The three departments are interdependent.

"The Constitution does not define in express terms what are legislative, executive, or judicial powers.

"Theoretically, the legislative power is the authority to make, order, and repeal, the executive, that to administer and enforce, and the judicial, that to interpret and apply, laws." *Richard v. Young, supra,* at 668.

The making and keeping of records of court proceedings requires the cooperative action of the judicial, the legislative and the executive branches of government. A legislative enactment which does not frustrate or interfere with the adjudicative function of the courts does not constitute an impermissible encroachment upon the judicial branch of government. We hold this expungement statute to be such an enactment. It does not frustrate or interfere with the judicial function.

Basically, T.C.A. §§ 40–4001—40–4004 deal with the use and disposition of public court records. Historically the legislature has dealt with such matters in accordance with public policy. The power to establish guidelines for court clerks and court records has always been assumed to be within the legislative sphere. To say that this statute constitutes encroachment is to say that the clerks of the court and public court records are beyond legislative control. For certainly, the instant statute is no less administrative nor any more encroaching than dozens of other record regulating statutes found throughout the Code.

On the question of judicial power, it is interesting to note that the courts in other jurisdictions where no expungement statute existed have found that, absent such a statute, they are without authority to order expungement. See *Sterling v. Oakland,* 208 Cal.App.2d 1, 24 Cal.Rptr. 696 (1962); *Spock v. District of Columbia,* 283 A.2d 14 (D.C. App.1971); *Mulkey v. Purdy,* 234 So.2d 108 (Fla.1970); *Cissell v. Brostron,* 395 S.W.2d 322 (Mo.App.1965); *Statman v. Kelly,* 47 Misc.2d 294, 262 N.Y.S.2d 799 (1965); see generally 46 A.L.R.2d 900, 909. The inference from such decisions is that control of the use of such records is properly a legislative, not a judicial function. We are satisfied that this Act does not violate the separation of powers provisions of our Constitution.

■ The trial court concluded that this Act was so "vague, ambiguous and overbroad" as to be invalid. We are unable to agree. The language of the Act is simple, direct and precise. Of course, it must be given a reasonable construction. The trial court apparently was alarmed by the language in T.C.A. § 40–4001 that a petitioner's records "be removed and destroyed." We are confident that clerks will be able to devise and employ methods of "removing and destroying" which will carry out the direction of the statute without emasculating the records relating to other persons and cases. It is only when the wording of a statute is so vague that men of common intelligence must necessarily guess at its

meaning and differ as to its application that the statute is rendered invalid for vagueness. *Estrin v. Moss*, 221 Tenn. 657, 430 S.W.2d 345 (1968). The language of this statute passes this test.

We reverse the judgment of the trial court and remand this cause for further proceedings consistent with this opinion. Costs are adjudged against the appellee.

FONES, C. J., and COOPER, HENRY and HARBISON, JJ., concur.