IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

APRIL 1997 SESSION

FILED

August 15, 1997

Cecil W. Crowson
Appellate Court Clerk

KIM LAMAR WITT,   *   C.C.A. # 01C01-9606-CR-00274

    Appellant,   *   DAVIDSON COUNTY

VS.   *   Hon. J. Randall Wyatt, Jr., Judge

STATE OF TENNESSEE,   *   (Habeas Corpus)

    Appellee.   *


For Appellant:

Robert J. Mendes
209 Tenth Avenue South
Cummins Station, Suite 507
Nashville, TN  37203

For Appellee:

Charles W. Burson
Attorney General & Reporter
450 James Robertson Parkway
Nashville, TN  37243

Karen M. Yacuzzo
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN  37243

Katrin Novak Miller
Assistant District Attorney General
222 Second Avenue North
Washington Square, Suite 500
Nashville, TN  37201-1649


OPINION FILED:_____


AFFIRMED


GARY R. WADE, JUDGE

## OPINION

The petitioner, Kim Lamar Witt, appeals the trial court's denial of his petition for writ of habeas corpus. In 1987, the petitioner was convicted of armed robbery and assault with the intent to commit first degree murder; the trial court imposed two concurrent, Range II sentences of life imprisonment. The petitioner seeks habeas corpus relief on two different grounds:

> (1) the 1989 Sentencing Reform Act and its predecessors violate the Separation of Powers Clause of the Tennessee Constitution; and

> (2) the 1989 Sentencing Reform Act and its predecessors violate the determinate sentencing law.

After an evidentiary hearing on the issues, the trial court denied the petition. We affirm.

The habeas corpus remedy in this state is limited. The writ may be granted only where a petitioner has established lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery v. Avery, 432 S.W.2d 656 (Tenn. 1968); State ex rel. Wade v. Norvell, 443 S.W.2d 839 (Tenn. Crim. App. 1969). Habeas corpus relief is available in this state only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992).

This action does not allege that the Hamilton County court lacked jurisdiction or that the petitioner's sentence has expired. Thus, the petitioner has failed to state a claim for habeas corpus relief. See Monroe E. Davis v. Jimmy Harrison, Warden, No. 02C01-9607-CC-00242, slip op. at 4 (Tenn. Crim. App., at

2

Jackson, July 2, 1997) (holding these identical challenges to the 1989 Sentencing Act do not state a claim for habeas corpus relief).

Nevertheless, we will address the merits of the arguments. First, the petitioner argues the Sentencing Act[1] violates the Separation of Powers Clause of the Tennessee Constitution, which provides as follows:

> Sec. 1. Division of powers.--The powers of the Government shall be divided into three distinct departments: the Legislative, Executive, and Judicial.
>
> Sec. 2. Limitation of powers.--No person or persons belonging to one of these departments shall exercise any of the powers properly belonging to either of the others, except in the cases herein directed or permitted.

Tenn. Const. art. II, §§ 1, 2.

The 1982 Sentencing Act requires the trial judge to "determine the appropriate range of sentence." Tenn. Code Ann. § 40-35-210(a) (1982 repl.). The range determination controls release eligibility. See Tenn. Code Ann. § 40-35-501(c) (1982 repl.). The petitioner argues that because the trial court had to determine the range, the trial court impermissibly "dictates to the executive when an offender is first eligible for parole." He contends that the legislative branch has delegated to the executive branch the exclusive power to calculate initial parole eligibility dates. See Tenn. Code Ann. §§ 40-28-101 through -125 (1982 repl.). We must disagree.

Our supreme court has held that "[t]heoretically, the legislative power is the authority to make, order, and repeal[;] the executive, that to administer and

_____

[1]The petitioner challenges the "Tennessee Sentencing Reform Act ... and its predecessor statutes." We limit our discussion to the 1982 Act, the Act under which the petitioner was sentenced. We note, however, that the 1989 Act contains provisions that are similar to the challenged portions of the 1982 Act.

enforce[;] and the judicial, that to interpret and apply, laws." Richardson v. Young, 125 S.W. 664, 668 (Tenn. 1910) (quoted with approval in Underwood v. State, 529 S.W.2d 45, 47 (Tenn. 1975)). Our court has recently acknowledged that the "authority to grant paroles is not judicial in nature but is administrative." Monroe E. Davis, slip op. at 3 (citing Woods v. State, 169 S.W. 558 (Tenn. 1914)). Nevertheless, our supreme court has observed, "it is impossible to preserve perfectly the theoretical lines of demarcation between the [three] branches of government." Underwood, 529 S.W.2d at 47. "There is necessarily a certain amount of overlapping. The three departments are interdependent." Id.

In Davis, our court rejected an argument identical to that of the petitioner, ruling "that a trial court's determination of sentencing range does not infringe upon the powers of the executive branch." Slip op. at 3. See also Steve L. Bryant v. State, No. 01C01-9605-CR-00190, slip op. at 3 (Tenn. Crim. App., at Nashville, April 24, 1997).

The petitioner next argues that the 1982 Act violates the determinate sentencing law. He asserts that the sentencing ranges along with release eligibility percentages establish indeterminate sentences in violation of Tenn. Code Ann. § 40-35-211 (1982 repl.), which provides "[i]n fixing a sentence ..., the court shall impose a specific sentence length for each offense. ... There shall be no indeterminate sentences."

Parole does not terminate a prisoner's sentence. See Howell v. State, 569 S.W.2d 428, 432 (Tenn. 1978). While the prisoner is released from confinement, the sentence continues and the parolee "is still in the custody of the penal authorities of the State." Doyle v. Hampton, 340 S.W.2d 891, 893 (Tenn.

4

1960).  Parole does not cause the sentence to expire or terminate.  Id.  Thus, the possibility of parole does not cause a sentence to be indeterminate.  Range classifications and release eligibility determinations do not create the possibility of indeterminate sentences.  See also Steve L. Bryant, slip op. at 4 (ruling that "[p]arole does not cause a sentence to expire or terminate but is a conditional release from more restrictive confinement").

Accordingly, the judgment of the trial court is affirmed.

_____
Gary R. Wade, Judge

CONCUR:


_____
David H. Welles, Judge


_____
Curwood Witt, Judge

5