# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
July 23, 2002 Session

## STATE OF TENNESSEE v. JONATHAN BLANCHARD

### Appeal from the Criminal Court for Greene County
### No. 8606    James E. Beckner, Judge

_____

### No. E2001-00314-CCA-R3-CD
### September 23, 2002
_____

The Appellant, Jonathan Blanchard, was convicted in 1988 of the sale or delivery of cocaine and sentenced to seven years in prison. Following the successful completion of his sentence, the Appellant was granted a pardon by the governor of Tennessee. The Appellant subsequently petitioned for an expungement of all public records relating to his arrest and conviction. The trial court denied the Appellant's petition and the Appellant appealed as of right. We affirm the judgment of the trial court.

### Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed

DAVID H. WELLES, J., delivered the opinion of the court, in which JERRY L. SMITH and JOE G. RILEY, JJ., joined.

Keith D. Stewart, Knoxville, Tennessee, for the appellant, Jonathan Blanchard.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; and C. Berkeley Bell, District Attorney General, for the appellee, State of Tennessee.

### OPINION

The Appellant is an exemplary example of rehabilitation. Convicted in 1988 on a drug charge while in college, the Appellant served eighteen months in prison before being granted early parole. While on parole, the Appellant returned to college and received a degree in chemistry. The Appellant then pursued graduate degrees, earning a master's degree and a Ph.D. in chemistry. The Appellant then attended law school, earning his J.D. in 2000. He has not been arrested since 1988.

The Appellant sought and obtained an executive pardon from Governor Don Sundquist in December 2000. He subsequently filed a petition in the court that convicted him, seeking expungement of his records pursuant to Tennessee Code Annotated section 40-32-101. The trial

court reluctantly denied the petition after finding "no provision under the law for expungement after a pardon."[1] This appeal followed.

The issue of whether a convicted felon may obtain expungement of his or her criminal record following an executive pardon appears to be a matter of first impression in Tennessee's appellate courts. After extensive research in multiple jurisdictions, we are constrained to agree with the trial court that the Appellant is not currently entitled to have his criminal record expunged.

We begin our analysis, as we must, with the statutory language at issue. Tennessee's expungement statute provides, in pertinent part, that

> [a]ll public records of a person who has been charged with a misdemeanor or a felony, and which charge has been dismissed, or a no true bill returned by a grand jury, or a verdict of not guilty returned by a jury or a conviction which has by appeal been reversed, and all public records of a person who was arrested and released without being charged, shall, upon petition by that person to the court having jurisdiction in such previous action, be removed and destroyed without cost to such person[.]

Tenn. Code Ann. § 40-32-101(a)(1).[2] In analyzing this language, we recognize that

> [a] "basic rule of statutory construction is to ascertain and give effect to the intention and purpose of the legislature." In determining legislative intent and purpose, a court must not "unduly restrict[] or expand[] a statute's coverage beyond its intended scope." Rather, a court ascertains a statute's purpose from the plain and ordinary meaning of its language, "without forced or subtle construction that would limit or extend the meaning of the language."

Gleaves v. Checker Cab Transit Corp., Inc., 15 S.W.3d 799, 802-03 (Tenn. 2000) (citations omitted). We note that our supreme court has previously found that, "[t]he intent of the legislature in enacting the [expungement] statute . . . was to prevent a citizen from bearing the stigma of having been charged with a criminal offense, where he was acquitted of the charge or prosecution of the charge was abandoned." State v. Doe, 588 S.W.2d 549, 552 (Tenn. 1979) (emphasis added). See also State

---

[1] The trial court added, "This Court would without reservation grant the petition to expunge if so authorized."

[2] The statute also provides that, "[a]ll public records of a person who has been convicted of an offense that was committed prior to such person's twenty-first birthday shall, upon petition by such person to the court having jurisdiction over the original conviction, be removed and destroyed if such person: (A) Petitions for destruction within one (1) year of April 25, 2000; (B) Has not been convicted of an offense except for the offense to which the petition pertains; (C) Was not convicted of a sexual offense as defined by § 40-39-102(3); (D) Was granted a gubernatorial pardon for such offense between January 1, 1998 and December 31, 1998; and (E) Pays a fee to be established by the court for the destruction of such public records; provided such fee shall not exceed twenty-five dollars ($25.00)." Tenn. Code Ann. § 40-32-101(a)(6). This provision of the statute is not applicable in the case before us because the Appellant did not petition the trial court by April 25, 2001, and because the pardon was not granted until the year 2000.

v. John Wayne Slate, No. 03C01-9511-CC-00352, 1996 Tenn. Crim. App. LEXIS 665, at *5 (Knoxville, Oct. 18, 1996) (finding that "[t]he expunction statute appears to provide relief only in situations where, for the reasons stated therein, criminal charges fail to result in any conviction.")

Thus, the statute provides for the expungement of criminal records where the suspect has been charged in four specific situations: upon dismissal of the charge, upon a return of no true bill, upon a verdict of not guilty, and upon the reversal of conviction on appeal.[3] Accordingly, our supreme court has recognized that our expungement statute "authorizes one who has successfully defended a criminal charge to have all public records of the case expunged . . . ." Underwood v. State, 529 S.W.2d 45, 46 (Tenn. 1975). The statute does not provide, except under very limited circumstances not applicable here, for expungement upon conviction and the subsequent grant of an executive pardon. A fundamental rule of statutory construction is that "the mention of one subject in a statute means the exclusion of other subjects that are not mentioned." State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). Pursuant to that rule, we are forced to conclude that the legislature's failure to mention the grant of an expungement under the facts before us, while mentioning numerous other grounds, serves to exclude the instant pardon as a basis for the remedy sought.[4]

The Appellant argues that "the sentencing court had discretion to grant the petition because no express prohibition exists." We respectfully disagree. Under the same analysis just applied, the legislature's exclusion of the trial court's discretion as a basis upon which to grant expungement, results in a finding that the trial court has no such discretion. We cannot imply discretion where none exists. See, e.g., State v. McCary, 815 S.W.2d 220, 222 (Tenn.Crim.App. 1991) (holding that the trial court has no discretion to deny expungement where the Appellant is statutorily entitled to same). This argument is, therefore, without merit.

The Appellant also argues that "[a] full and unconditional pardon is equivalent to a successful appeal through the judiciary."[5] Again, we must respectfully disagree. An appeal resulting in a reversal and dismissal of the conviction is the functional equivalent of a "not guilty" verdict. That is, the defendant is judicially determined to have been acquitted of the crime at issue. There is a significant and fundamental difference, however, between an acquittal and a pardon. As pointed out by the United States Court of Appeals for the Third Circuit,

> Pardon implies guilt. If there be no guilt, there is no ground for forgiveness. It is an appeal to executive clemency. It is asked as a

___

[3]Records may also be expunged where the State enters a nolle prosequi in the defendant's case. See Tenn. Code Ann. § 40-32-101(a)(3).

[4]The application of this rule is particularly persuasive here because the legislature has clearly considered the remedy of expungement following an executive pardon and determined that it is available only under extremely limited circumstances. See Tenn. Code Ann. § 40-32-101(a)(6).

[5]We will assume for the purposes of this argument that the Appellant's reference to a "successful appeal" means an appeal resulting in a reversal and dismissal of the conviction, as opposed to a reversal and remand for a new trial, or a reduction of the conviction to a lesser-included offense.

> matter of favor to the guilty. It is granted not of <u>right</u> but of <u>grace</u>.
> A party is acquitted on the ground of innocence; he is pardoned
> through favor.

<u>United States v. Noonan</u>, 906 F.2d 952, 958 (3rd Cir. 1990) (quoting <u>Cook v. Freeholders of Middlesex</u>, 2 Dutch. (N.J.) 326, 331, 333 (1857)). Indeed, the Appellant's own pardon contains the language that he "be granted a pardon of <u>forgiveness</u> . . . ." (emphasis added).

Our legislature, too, has recognized the distinction between innocence of the crime and forgiveness for having committed it. Rather than granting a pardon, the governor "may grant exoneration to any person whom the governor finds <u>did not commit the crime</u> for which such person was convicted." Tenn. Code Ann. § 40-27-109(a) (emphasis added). Upon a grant of exoneration, the records of arrest, indictment and conviction shall automatically be expunged. <u>Id.</u> § 40-27-109(b). No such provision is contained in the statute recognizing the governor's power to pardon. <u>See id.</u> § 40-27-101 et. seq.[6] Similarly, our court of appeals has recognized that

> [a] valid reason exists for distinguishing between expunged pretrial
> diversion records and expunged judicial diversion records. Persons
> participating in judicial diversion programs have been found guilty of
> the offense for which they were charged. Accordingly, they no longer
> enjoy the presumption of innocence with regard to the charge. On the
> other hand, persons on pretrial diversion have never been found
> guilty. They retain their presumption of innocence because they have
> not been required to plead to or to stand trial on the charge.

<u>Pizzillo v. Pizzillo</u>, 884 S.W.2d 749, 755 (Tenn. Ct. App. 1994) (footnote omitted).

We similarly reject the Appellant's contention that, as a result of the pardon, he "has never been convicted." On the contrary, the Appellant <u>has</u> been convicted, and remains convicted, irrespective of the pardon. The Appellant points to an opinion of Tennessee's attorney general, which states that "a full and absolute pardon 'releases the offense and obliterates it in legal contemplation.'" Tenn. Op. Atty. Gen. No. 82-508 (Nov. 9, 1982) (quoting <u>Fite v. State ex rel. Snider</u>, 114 Tenn. 646, 656, 88 S.W. 941 (1905)). <u>See also</u> Tenn. Op. Atty. Gen. No. 79-322a (July 19, 1979) (stating that "[a] full pardon not only relieves the punishment, but also blots out of existence the guilt of the offender so that in the eye of the law he is as innocent as if he had never committed the offense.") We note first that opinions of the state attorney general are merely advisory and do not constitute legal authority binding on this Court. <u>See</u> <u>Washington County Bd. of Education v. MarketAmerica, Inc.</u>, 693 S.W.2d 344, 348 (Tenn. 1985). Second, the authority relied on by the attorney general in both of these opinions relied, in turn, on <u>Ex Parte Garland</u>, 71 U.S. 333, 18 L.Ed. 366 (1867). <u>Garland</u> contains dictum stating that

> [a] pardon reaches both the punishment prescribed for the offense and
> the guilt of the offender; and when the pardon is full, it releases the

---

[6]The governor's power to pardon stems from Tennessee's constitution. <u>See</u> Tenn. Const. Art. III, § 6.

punishment and blots out of existence the guilt, so that in the eye of the law the offender is as innocent as if he had never committed the offense.

71 U.S. at 380. By 1915, however, the United States Supreme Court had rejected this premise, finding instead that, rather than blotting out guilt, the acceptance of a pardon implies a confession of guilt. See Burdick v. United States, 236 U.S. 79, 91, 3d S.Ct. 267, 59 L.Ed. 476, 480 (1915).

Numerous state courts have also recognized that a pardon does not eradicate the underlying conviction but rather releases the defendant from further punishment. See, e.g., People v. Thon, 746 N.E.2d 1225, 1230 (Ill. App. 2 Dist. 2001); Randall v. Florida Dept. of Law Enforcement, 791 So.2d 1238, 1245 (Fla. App. 1 Dist. 2001), review granted 817 So.2d 849 (Fla. Apr. 12, 2002); Storcella v. State, 296 N.J.Super. 238, 244, 686 A.2d 789, 792 (App.Div. 1997); State v. Skinner, Del. Supr., 632 A.2d 82, 84-85 (1993); Prichard v. Battle, 178 Va. 455, 465, 17 S.E.2d 393, 397 (1941). But see, e.g., State v. Bergman, 558 N.E.2d 1111, 1113-1114 (Ind. App. 2 Dist.1990) (grant of executive clemency serves to return offender to status of innocence as if he had never committed offense); State v. Morris, 55 Ohio St.2d 101, 378 N.E.2d 708, 711 (1978) ("a full pardon not only results in a remission of the punishment and the guilt, but also a remission of the crime itself."). Upon our review of these cases and other legal authority, we agree with our neighbor state of Florida that, "while a full pardon restores one's civil rights and remits all punishment associated with the conviction, it does not obliterate the fact of the commission of the crime and the conviction thereof; nor does it wash out the moral stain. In other words, it involves forgiveness and not forgetfulness." Randall, 791 So.2d at 1244 (quotation marks and citations omitted). See also Skinner, 632 A.2d at 84 ("A pardon 'involves forgiveness and not forgetfulness and it does not "wipe the slate clean."'")

Finally, the Appellant argues that the trial court has "jurisdictional authority to order expungement on the basis of the unconditional pardon alone," and that "[n]o further statutory authority is required." We disagree. Our supreme court has recognized that "control of the use of [criminal] records is properly a legislative function, not a judicial function." Underwood, 529 S.W.2d at 47. Our legislature has determined under what conditions expungement is merited, and we are bound by our legislature's decision. The Appellant's argument is without merit.

The Appellant in this case has made a commendable and remarkable recovery from a youthful, but nevertheless serious, error. We applaud his outstanding achievements. In considering the Appellant's contentions, however, we must conclude that there is no authority for expungement of his criminal records on the basis of his executive pardon. Accordingly, the trial court did not err in denying the Appellant's petition.

The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE