# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### January 15, 2003 Session

## STATE OF TENNESSEE v. TONYA M. JENNINGS

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2001-I-765     Steve R. Dozier, Judge**

---

**No. M2002-01190-CCA-R3-CD - Filed April 16, 2003**

---

A trial court found the Defendant not guilty by reason of insanity of the offense of stalking. Following judicial hospitalization in the Middle Tennessee Mental Health Institute, the Defendant filed a motion requesting the trial court to expunge all public records pertaining to the stalking offense. The trial court denied the Defendant's request. The Defendant now appeals, arguing that the trial court erred by denying the Defendant's request to expunge her records. Finding no reversible error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES and THOMAS T. WOODALL, JJ., joined.

Jay Steed and Jeffrey A. DeVasher (on appeal) and Laura C. Dykes (at trial), Assistant Public Defenders, Nashville, Tennessee, for the appellant, Tonya M. Jennings.

Paul G. Summers, Attorney General and Reporter; Christine M. Lapps, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; Pam Anderson and Gigi Braun, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

### I. FACTUAL BACKGROUND

According to the indictment, the Defendant was charged with "intentionally and repeatedly follow[ing] or harass[ing] Kimberly A. Turner in such a manner as would cause Kimberly A. Turner to be in reasonable fear of being assaulted, suffering bodily injury or death in violation of Tennessee Code Annotated § 39-17-315(b)(2)." Following a bench trial, the trial court found the Defendant not guilty by reason of insanity and referred her to Middle Tennessee Mental Health Institute (MTMHI) for an evaluation. MTMHI assessed the Defendant and determined that she met the standards for judicial hospitalization. The trial court then ordered that the Defendant be committed

to the custody of MTMHI for treatment. After the Defendant was released from MTMHI, she filed a motion requesting that the trial court remove and destroy all public records pertaining to the stalking offense. In the motion, the Defendant stated that she was found by the trial court to be "incompetent, committable and insane at the time of the offense" and that she completed her mandatory hospitalization. No evidence was presented at the hearing on the motion to destroy all public records. The trial court denied the request.

## II. ANALYSIS

The Defendant argues that the trial court erred by failing to expunge the public records pertaining to the stalking offense in this case. The statute governing the expungement of records provides, in pertinent part as follows:

> All public records of a person who has been charged with a misdemeanor or a felony, and which charge has been dismissed, or a no true bill returned by a grand jury, or a verdict of not guilty returned by a jury, and all public records of a person who was arrested and released without being charged, shall, upon petition by that person to the court having jurisdiction in such previous action, be removed and destroyed without cost to such person . . . .

Tenn. Code Ann. § 40-32-101(a)(1). The statute also provides:

> Upon petition by a defendant in the court which entered a nolle prosequi in the defendant's case, the court shall order the public records expunged.

Id. § 40-32-101(a)(3). "Thus, the statute provides for the expungement of criminal records where the suspect has been charged in four specific situations: upon dismissal of the charge, upon a return of no true bill, upon a verdict of not guilty, and upon the reversal of conviction on appeal." State v. Jonathan Blanchard, No. E2001-00314-CCA-R3-CD, 2002 Tenn. Crim. App. LEXIS 796, at *5 (Tenn. Crim. App., Knoxville, Sept. 23, 2002).

A fundamental rule of statutory construction is that "the mention of one subject in a statute means the exclusion of other subjects that are not mentioned." State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). In Blanchard, our Court concluded that the failure of the legislature to mention a pardon as a basis for expungement effectively denied any relief for the defendant. 2002 Tenn. Crim. App. LEXIS 796, at ** 5-6. Our Court has also held that a trial court properly denied expungement because "[a] retired case, which has not been dismissed, is not listed as subject to expungement under Tenn. Code Ann. § 40-32-101." Alfred Lee Mauldin v. State, No. M1999-00532-CCA-R3-CD, 2000 Tenn. Crim. App. LEXIS 261, at *3 (Tenn. Crim. App., Nashville, Mar. 17, 2000). Like the courts in Blanchard and Maudlin, the trial court in this case, in an order denying the Defendant's motion, stated that it was "of the opinion that the legislature was specific in drafting this statute and setting forth the precise dispositions for which expungement would be available." The trial court in this case noted that "a defendant who is found not guilty in a bench trial is not specifically entitled to an expungement under the statute."

Without question, we agree with the Defendant's argument that a verdict of not guilty returned by a trial judge at the conclusion of a bench trial is equivalent to a verdict of not guilty

returned by a jury. In both instances, a criminal charge against the defendant fails to result in a conviction due to the defendant being found not guilty. As the Defendant asserts in her brief:

> There is no legal significance, pertinent to Tenn. Code Ann. § 40-32-101(a)(1), that the defendant was found not guilty after a bench trial, rather than after a trial by jury. Indeed, if the statute is to be read so as to preclude expungement after a bench trial, no defendant who maintains her innocence should ever submit to a bench trial, as the charge will remain on public records, even after a dismissal by the trial court.

We agree.

We conclude that a verdict of not guilty after a trial is a verdict of not guilty, whether it be returned by the jury or by the court. There are no differences of any significance whatsoever. For that reason, we conclude that a reasonable interpretation of the expungement statute would include allowing for the expungement of criminal records in cases where a defendant is found not guilty after a bench trial. That being said, we must now determine whether, for the purposes of the expungement statute, a verdict of not guilty by reason of insanity is equivalent to a verdict of not guilty.

As the Defendant recognizes in her brief, there are differences between a verdict of not guilty and a verdict of not guilty by reason of insanity. A verdict of not guilty by reason of insanity is based on Tennessee Code Annotated § 39-11-501(a), which provides, "It is an affirmative defense to prosecution that, at the time of the commission of the acts constituting the offense, the defendant, as a result of severe mental disease or defect, was unable to appreciate the nature or wrongfulness of such defendant's acts."

A verdict of not guilty by reason of insanity, while functioning as an acquittal, is a verdict indicating that a defendant cannot be held criminally responsible for his or her conduct because he or she was unable to appreciate the nature or wrongfulness of his or her conduct due to severe mental disease or defect. Such a verdict does not indicate that a defendant did not engage in the criminal conduct. A verdict of not guilty means that the prosecution failed to prove beyond a reasonable doubt that a defendant engaged in the criminal conduct. This difference is significant. Additionally, a verdict of not guilty by reason of insanity does not necessarily end the legal proceedings in a case. Tennessee Code Annotated § 33-7-303 provides for further proceedings including detention and mental health treatment, in cases involving verdicts of not guilty by reason of insanity.

Because of these significant distinctions, we agree with the State that had the legislature intended to include persons found not guilty by reason of insanity in the list of those entitled to expungement of their records, the legislature would have expressed such intent in the statute. Like the trial court, we conclude that the legislature is "the more appropriate forum for relief" for the Defendant.

Accordingly, the judgment of the trial court is AFFIRMED.

_____
ROBERT W. WEDEMEYER, JUDGE