# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JUNE 1997 SESSION

FILED

July 2, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

MONROE E. DAVIS,               )
                              )
    Appellant,            )
                              )
VS.                            )
                              )
JIMMY HARRISON, WARDEN,        )
                              )
    Appellee.             )

NO. 02C01-9607-CC-00242

LAUDERDALE COUNTY

Hon. Joseph H. Walker, Judge

(Petition for Writ of Habeas Corpus)

FOR THE APPELLANT:

MONROE E. DAVIS, *pro se*
West Tennessee High Security
Post Office Box 1050
Henning, TN 38041-1050

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

WILLIAM DAVID BRIDGERS
LISA A. NAYLOR
Assistant Attorneys General
450 James Robertson Parkway
Nashville, TN 37243-0493

ELIZABETH T. RICE
District Attorney General
302 Market Street
Somerville, TN 38068

OPINION FILED: _____

AFFIRMED

JOE G. RILEY,
JUDGE

## OPINION

The petitioner, Monroe E. Davis, appeals the order of the Circuit Court of Lauderdale County summarily dismissing his petition for writ of habeas corpus. He is presently serving sentences of 20 years for second degree murder and one (1) year for larceny. According to his petition, he was convicted and sentenced on October 6, 1989. Because he cannot demonstrate that the judgments convicting him are void or that his sentence terms have expired, the judgment of the trial court is affirmed.

I

Initially, we note that the state correctly points out that petitioner's notice of appeal was untimely filed. Tenn. R. App. P. 4(a) requires that a notice of appeal should be filed "within 30 days from the date of entry of the judgment appealed from. . ." The order denying the petition was entered January 25, 1996. Notice of appeal was filed on July 8, 1996. However, in the interest of justice we waive the filing requirements and review the petition on the merits. Tenn. R. App. P. 4(a).

II

In his first assignment of error, petitioner argues that Tenn. Code Ann. § 40-35-501 allows the judicial branch to impose indeterminate sentences in direct contravention to Tenn. Code Ann. § 40-35-211 which prohibits indeterminate sentences. His argument rests on the fact that the Board of Paroles has the power to grant or deny parole upon a defendant's eligibility for release. Thus, he argues that the sentences he received are void.

Although Tenn. Code Ann. § 40-35-211 prohibits indeterminate sentences, the sentences imposed upon Davis are not indeterminate. The mere fact that the Board of Paroles may grant or deny parole does not convert a determinate sentence

2

into an indeterminate one. Parole does not cause the sentence to expire or terminate but is merely a conditional release. *See* Doyle v. Hampton, 207 Tenn. 399, 340 S.W.2d 891 (1960); Joe Thomas Baker, Jr. v. State, C.C.A. No. 01C01-9604-CR-00129 (Tenn. Crim. App. filed February 20, 1997, at Nashville); Terry Merrell v. State, C.C.A. No. 01C01-9604-CR-00147 (Tenn. Crim. App. filed February 20, 1997, at Nashville). This issue has no merit.

## III

Petitioner also contends that Tenn. Code Ann. § 40-35-501 is an unconstitutional delegation of power by the legislature to the judicial branch by allowing courts to determine a defendant's sentencing range. He claims that by doing so, the courts are determining how much time a defendant must serve before becoming eligible for parole. Therefore, because parole is an executive function, he argues that this sentencing scheme violates the separation of powers doctrine.

The authority to grant paroles is not judicial in nature but is administrative. Woods v. State, 130 Tenn. 100, 169 S.W. 558 (1914). However, "it has long been recognized that it is impossible to preserve perfectly the theoretical lines of demarcation between the executive, legislative and judicial branches of government. . . There is necessarily a certain amount of overlapping. The three departments are interdependent." Underwood v. State, 529 S.W.2d 45, 47 (Tenn. 1975)(citations omitted); *see also* In re Burson, 909 S.W.2d 768, 774 (Tenn. 1995). This is particularly so in our criminal justice system. *See* Underwood, 529 S.W.2d at 47. Accordingly, we find that a trial court's determination of sentencing range does not infringe upon the powers of the executive branch. *See* Steve L. Bryant v. State, C.C.A. No. 01C01-9605-CR-00190 (Tenn. Crim. App. filed April 24, 1997, at Nashville). This issue is without merit.

## IV

Habeas corpus relief in criminal cases is limited to those instances where the petitioner's conviction is void on its face, or he is being held beyond the expiration of his sentence. Archer v. State, 851 S.W.2d 157 (Tenn. 1993). Davis has not shown that the judgments convicting him are facially void or that his sentence terms have expired. The petition for writ of habeas corpus was properly dismissed.

We conclude that the petitioner's claims do not show that his judgments are void or that his sentences have expired, making habeas corpus relief inappropriate. The judgment of the trial court is affirmed.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**PAUL G. SUMMERS, JUDGE**

_____
**DAVID H. WELLES, JUDGE**