IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
June 3, 2011 Session

## WILLIAM H. MANSELL v. BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC

**Direct Appeal from the Circuit Court for Smith County**
**No. 2010CV36      John D. Wootten, Jr., Judge**

**No. M2010-02093-SC-R3-WC - Filed August 25, 2011**

### MEMORANDUM OPINION

In June of 2008, William Mansell (the "Employee") suffered a compensable injury to his right shoulder while working for Bridgestone/Firestone North American Tire, LLC (the "Employer"). Dr. Sean Kaminsky, an orthopaedic surgeon, served as the authorized treating physician and assigned an impairment rating of 3% to the body as a whole. The Employee obtained an Independent Medical Evaluation from another orthopaedic surgeon, Dr. Robert Landsberg, who assigned a 10% impairment rating. When the Benefit Review Conference at the Department of Labor and Workforce Development ("DOL") ended in an impasse, the Employee filed suit.

Afterward, the Employer filed an "Application for Medical Impairment Rating" with the DOL, seeking to invoke Tennessee Code Annotated section 50-6-204(d)(5) (2008 & Supp. 2010), which provides, in relevant part, as follows:

> When a dispute as to the degree of medical impairment exists, either party may request an independent medical examiner from the commissioner's registry. If the parties are unable to mutually agree on the selection of an independent medical examiner from the commissioner's registry, it shall be the responsibility of the employer to provide a written request to the commissioner for assignment of an independent medical examiner with a copy of the notice provided to the other party. Upon receipt of the written request, the commissioner shall provide the names of three (3) independent medical examiners chosen at random from the registry. . . . The employer may strike one (1) name from the list, with the rejection made and communicated to the other party by facsimile or e-mail no later than the third business day after the date on which notification of the list is provided. The employee shall select

a physician to perform the independent medical examination from the remaining physicians on the list. . . . The written opinion as to the permanent impairment rating given by the independent medical examiner pursuant to this subdivision (d)(5) shall be presumed to be the accurate impairment rating; provided, however, that this presumption may be rebutted by clear and convincing evidence to the contrary.

(Emphasis added.) In response, the Employee filed a "Motion to Quash MIR," alleging that the Employer had not, at any point during the benefit review process with the DOL, sought the appointment of an independent medical examiner pursuant to the statute. He contended that because the lawsuit had been filed, section 50-6-204(d)(5) no longer applied, and that, in consequence, the DOL no longer had the authority to assign an impairment rating based upon the independent medical examiner's written opinion. At the hearing on the motion, the Employer argued that "there are no issues of jurisdiction or administrative versus judicial authority implicated by the legislatively mandated" procedure under section 50-6-204(d)(5), and pointed out that the Employee had failed to notify the Attorney General of his challenge to the validity of the statute.[1]

The trial court granted the motion to quash, holding that the DOL had "relinquished jurisdiction" when the benefit review process reached an impasse, and observing that Tennessee Code Annotated section 50-6-204(d)(5) was "established for the [limited] purpose of attempting to resolve workers' compensation claims while the claim is before the administrative body . . . and not [after] a Court has acquired jurisdiction over the case." When the trial court denied the Employer's request to file an interlocutory appeal pursuant to Tennessee Rule of Appellate Procedure 9, the Employer filed an application for an extraordinary appeal under Tennessee Rule of Appellate Procedure 10. This Court denied the application by order dated July 27, 2010, and the case proceeded to trial.

At the conclusion of the presentation of evidence, the trial court accredited the testimony of the Employee and his wife, Regina, found that the impairment ratings of both Dr. Kaminsky and Dr. Landsberg had been assigned pursuant to the sixth edition of the American Medical Association Guides to the Evaluation of Permanent Impairment, and awarded benefits to the Employee, including future medical expenses and attorney's fees. In calculating the amount of benefits, the trial court adopted the 10% impairment rating assigned by Dr. Landsberg, finding that it "more accurately follow[ed] the mandates of the

---

[1] "When the validity of a statute of this state or an administrative rule or regulation of this state is drawn in question in any action to which the state or an officer or agency is not a party, the court shall require that notice be given the attorney general, specifying the pertinent statute, rule or regulation." Tenn. R. Civ. P. 24.04.

AMA Guides, 6th Edition," and, therefore, was entitled to more weight than Dr. Kaminsky's impairment rating of 3%. The trial court further explained as follows:

> [Dr. Kaminsky's] C-32 as submitted to this Court is rather sterile. I'm not even sure how he reached the results that he reached except by reference to two tables . . . . I assume . . . those are the referenced pages in the Sixth Edition, although I don't know. . . .
>
> So, in conclusion, although Dr. Kaminsky is the treating physician, I find that his impairment rating and how he got to that is severely lacking . . . . When one compares the rating given by Dr. Landsberg with the trial testimony that I've heard and the limitations that this gentlemen has as corroborated by . . . his wife who I find to be very credible, I think the 10 percent is the appropriate medical impairment rating in this case.

While the judgment makes no specific reference to the Employer's attempt to invoke the medical impairment rating ("MIR") process, the trial court addressed the issue on the record:

> [J]ust as an aside I did deny the defense's request for an M[IR]. I do note also that that came after the impasse. I do believe that once the case is filed in court it is in my jurisdiction. I do not believe that the law of this state . . . allows me to re-route it to an MIR process wherein I would . . . almost be bound by an administrative person with the [DOL] in any findings that they would have. I think that takes away from the judicial powers that I would have to make specific findings of facts in any case, but particularly in these kinds of cases. . . .
>
> I think it is . . . usurping [a] judicial power that is basically vested in [the court] once the law suit is filed.

When the Employer filed a timely notice of appeal, this Court granted direct review and sustained a motion by the Attorney General to file a brief as amicus curiae. The Employer argues that the trial court erred by granting the motion to quash because the procedure set forth in Tennessee Code Annotated section 50-6-204(d)(5) is not an impermissible infringement on the jurisdiction of the trial courts. Moreover, the Employer contends that because the motion to quash challenged the validity of the MIR process set forth in section 50-6-204(d), the trial court erred by failing to require notice to the Attorney General pursuant to Tennessee Rule of Civil Procedure 24.04.

The Attorney General submits that the statute is not limited to the administrative process and requires only "a dispute as to the degree of medical impairment," which might arise either before or after an impasse in the benefit review process has been declared by the DOL. Further, he argues that because section 50-6-204(d) provides that the impairment rating given by the independent medical examiner is only presumed to be accurate, and such presumption may be rebutted by clear and convincing evidence to the contrary, the MIR process does not interfere with the adjudicative function. In response, the Employee contests that the application of section 50-6-204(d) after a complaint has been filed in circuit or chancery court violates the separation of powers clause of the Tennessee Constitution because it infringes upon the trial court's essential function as fact-finder.[2] Moreover, he claims that the Employer's failure to seek a medical impairment rating from an independent medical examiner during the benefit review process constitutes a waiver of the right. Finally, the Employee also argues that the Employer failed to demonstrate that there existed "a dispute as to the degree of medical impairment," which is a condition precedent to obtaining the opinion of an independent medical examiner pursuant to section 50-6-204.

In its order granting the Employee's motion to quash, the trial court concluded that Tennessee Code Annotated section 50-6-204(d)(5) does not apply after the administrative process has been exhausted and the complaint has been filed in the circuit or chancery court. In its findings of fact issued from the bench at the conclusion of the hearing, the trial court suggested that separation of powers principles precluded any other interpretation of section 50-6-204(d)(5). Although the Employer, the Employee, and the amici have presented arguments on appeal regarding the constitutionality of the statute, this issue, in our view, was not properly presented, argued, or litigated before the trial court. Because the Employee did not challenge the constitutionality of the statute's application after the exhaustion of the benefit review process, the Attorney General did not have the opportunity to address the issue until after the filing of the appeal.

Although this Court is cognizant of its authority to grant any relief an appellate proceeding requires, see Tenn. R. App. P. 36(a), we are also mindful of the well-settled principle not to decide constitutional challenges unless the resolution of that question "'is

---

[2] Article II, section 2 of the Tennessee Constitution provides that no member of the legislative, executive, or judicial branch "shall exercise any of the powers properly belonging to either of the others." "The legislative branch has the authority to make, alter, and repeal the law; the executive branch administers and enforces the law; and the judicial branch has the authority to interpret and apply the law." Richardson v. Tenn. Bd. of Dentistry, 913 S.W.2d 446, 453 (Tenn. 1995). "A legislative enactment which does not frustrate or interfere with the adjudicative function of the courts does not constitute an impermissible encroachment upon the judicial branch of government." Underwood v. State, 529 S.W.2d 45, 47 (Tenn. 1975); see also Lynch v. City of Jellico, 205 S.W.3d 384, 393 (Tenn. 2006) (holding that benefit review conference mandated by workers' compensation statute does not violate separation of powers).

-4-

absolutely necessary to determining the issues in the case and adjudicating the rights of the parties.'" Waters v. Farr, 291 S.W.3d 873, 882 (Tenn. 2009) (quoting State v. Taylor, 70 S.W.3d 717, 720 (Tenn. 2002)). Because the trial court's determination that the General Assembly did not intend the procedure set forth in section 50-6-204(d)(5) to be applied after a complaint is filed is inextricably intertwined with the constitutional question, the order granting the Employee's motion to quash is vacated.[3] The cause is remanded to the trial court so the Employee, the Employer, and the Attorney General may have the opportunity to address the constitutional issue.[4]

Further, the Employee argues that section 50-6-204(d)(5) should not apply because the Employer has not shown that there is "a dispute as to the degree of medical impairment." The Employee cites to the DOL regulations, which state, in relevant part, that

> "[d]ispute of degree of medical impairment" means one of two things: either at least two (2) different physicians have issued differing permanent medical impairment ratings in compliance with the Act and the parties disagree as to those permanent impairment ratings; or, a dispute may also exist if a physician has issued an opinion in compliance with the Act that no permanent medical impairment exists, yet that physician has issued permanent physical restrictions to the injured employee.

Tenn. Comp. R. & Regs. 800-2-20-.01(5) (2006) (emphasis added). Based upon this regulatory provision, the Employee argues (1) that because the parties stipulated that Dr. Landsberg's impairment rating was 10% and Dr. Kaminsky's was 3%, they did not "disagree as to those permanent impairment ratings," and (2) that Dr. Kaminsky's impairment rating was not "in compliance with the Act" because it was not "based on the applicable edition of the AMA Guides," as required by Tennessee Code Annotated section 50-6-204(d)(3)(B).

---

[3] Because we are not deciding whether section 50-6-204(d)(5) only applies during the administrative process, we have pretermitted consideration of the Employee's claim that the Employer waived the right to invoke the MIR process by failing to seek the remedy before the declaration of an impasse in the benefit review process.

[4] The trial court may consider the impairment rating of the independent medical examiner for the limited purpose of fully developing the record, addressing all arguments regarding the constitutionality of the statute, and determining whether, even if constitutional, the independent MIR can be overcome by clear and convincing evidence to the contrary. The Employee argues on appeal that the presumption set forth in section 50-6-204(d)(5) operates, in practice, to impede the adjudicative function of the trial courts. It might be difficult for the trial court to address this argument without taking into account the impairment rating of the independent medical examiner. Moreover, making the MIR a part of the record would provide for a more economical disposition of any appeal taken from the trial court's order on remand.

Initially, a dispute is not transformed into an agreement simply because the parties stipulate the evidence to be presented by each side. Secondly, it is true that the trial court expressed skepticism as to the methodology Dr. Kaminsky used in reaching his impairment rating. Notwithstanding these statements, however, the trial court concluded in its final order "that Dr. Sean Kaminsky assigned an impairment rating of 3% to the body as a whole pursuant to the AMA Guides 6th Edition." Because "two (2) different physicians have issued differing permanent medical impairment ratings in compliance with the Act and the parties disagree as to those permanent impairment ratings," there exists a "[d]ispute of degree of medical impairment" as defined by the DOL regulations. See Tenn. Comp. R. & Regs. 800-2-20-.01(5). Whether the Employer may attempt to resolve this dispute by seeking the opinion of an independent medical examiner pursuant to Tennessee Code Annotated section 50-6-204(d)(5) is an issue for the Employee, the Employer, and the Attorney General to address on remand.

The judgment of the trial court is vacated. This cause is remanded to the trial court for a hearing and determination within ninety (90) days of the date of this order of the Employee's motion to quash the Employer's request for a designation of a physician from the MIR registry. Should there be an appeal from the judgment of the trial court resulting from this remand, the appeal shall be placed on the docket of this Court and shall not be referred to the Special Workers' Compensation Appeals Panel. See Tenn. Sup. Ct. R. 51, § 2.

Costs of this appeal are assigned one-half to the Employee and one-half to the Employer, for which execution may issue if necessary.


PER CURIAM